**Colonel Clifford ACREE, et al., Plaintiffs,**

v.

**John SNOW, Secretary of the Treasury, Defendant.**

**No. CIV.A. 03–1549(RWR).**

United States District Court, District of Columbia.

July 30, 2003.

David Davis Smyth, Stephen A. Fennell, Steptoe & Johnson LLP, Washington, DC, for Plaintiffs.

Rupa Bhattacharyya, U.S. Department of Justice, Washington, DC, for Defendant.

### *MEMORANDUM OPINION*

ROBERTS, District Judge.

In order to satisfy the judgment they were awarded in *Acree, et al. v. Republic of Iraq,* 271 F.Supp.2d 179, 2003 WL 21537919 (D.D.C.2003) (*"Acree v. Iraq"*), plaintiffs filed this lawsuit under the Terrorism Risk Insurance Act ("TRIA") seeking to attach funds from certain Iraqi bank accounts located in this country that the federal government seized. The government opposes the attachment, arguing that the funds are now unavailable, and has moved for summary judgment. Because the Congress and the President of the United States have acted to make TRIA inapplicable to Iraq, defendant is entitled to summary judgment on plaintiffs' TRIA claim.

### *BACKGROUND*

Plaintiffs are seventeen former prisoners of war ("POWs") from the 1991 Gulf

War and thirty-seven of their close family members. The POWs were brutally tortured by military and civilian agents of Saddam Hussein's Iraqi government. The physical and emotional damage inflicted was unspeakable. The Iraqi agents refused to notify the International Committee of the Red Cross of the POWs' capture and condition. These and other willful actions caused severe and prolonged anguish and injury to the family members of the POWs, during and after captivity. Based on the Court's Findings of Fact and Conclusions of Law in *Acree v. Iraq*, plaintiffs were awarded judgment against the Republic of Iraq, Saddam Hussein, and the Iraqi Intelligence Service in the amount of $653,070,000 in compensatory damages.[1]

Plaintiffs then filed this action under TRIA to attach funds that the government seized from certain Iraqi bank accounts here. Section 201 of TRIA, 28 U.S.C. § 1610 Note (2003), permits a person who has been properly awarded compensatory damages against a foreign state designated as a state sponsor of terrorism to attach blocked assets of that foreign state to satisfy the judgment. Iraq is such a state. Plaintiffs successfully sought in this action a temporary restraining order precluding the Secretary of the Treasury from spending down on the special account containing the seized Iraqi assets to a balance below $653,070,000. This preserved the status quo pending an expedited consolidated hearing on the merits of the parties' motions for summary judgment and the plaintiffs' application for a preliminary injunction.

Plaintiffs immediately offered to compromise their awards in an effort to settle the case amicably with their government which they had served so well and for which they honorably endured severe torture.[2] It was an unrequited gesture. According to the government, the President has the authority to designate a variety of assets seized from Iraq as available for satisfying the compensatory awards to the POW torture victims, but has not chosen to do so. Instead, the Secretary argues that he is entitled to summary judgment on plaintiffs' TRIA claim because Congress in a supplemental appropriations bill authorized the President to make TRIA inapplicable to Iraq, and because the President in a Presidential Determination issued May 7, 2003, exercised that authority.

### DISCUSSION

The Congress of the United States authorized the President to "make inapplicable with respect to Iraq ... any other provision of law that applies to countries that have supported terrorism." Emergency Wartime Supplemental Appropriations Act, § 1503, Public Law 108–11, 117 Stat. 579 (April 16, 2003) (the "Act"). On May 7, 2003, the President exercised the authority granted to him by Congress in the Act and issued a Presidential Determination making "inapplicable with respect to Iraq ... any other provision of law that applies to countries that have supported terrorism." Presidential Determination No.2003–23 of May 7, 2003 (the "Determination"). Section 201 of TRIA was affected since it is a law that applies to Iraq as a designated state sponsor of terrorism. In-

---

1. Plaintiffs were also awarded $306 million in punitive damages against Saddam Hussein and the Iraqi Intelligence Service.

2. Civilians held hostage and used as human shields in Iraq during the 1991 Gulf War who were awarded compensatory damages in *Hill*

*v. Republic of Iraq*, 175 F.Supp.2d 36 (D.D.C. 2001), *rev'd on other grounds*, 328 F.3d 680 (D.C.Cir.2003), had their awards satisfied from the same fund of seized Iraqi assets that the government now argues is unavailable to the POWs.

deed, in his "Message to Congress Reporting the Declaration of a National Emergency With Respect to the Development Fund for Iraq" issued May 22, 2003, the President stated specifically that the Determination made § 201 of TRIA inapplicable to Iraq.

Plaintiffs argue that the Act and the Determination are ineffective because Iraq is still officially designated as a sponsor of terrorism. The effectiveness of the Act and the Determination, however, does not depend on the decertification of Iraq as a state sponsor of terrorism. Instead, the Act authorizes the President—and the Determination is an exercise of that authority—to make inapplicable to Iraq certain statutes, including TRIA, that would otherwise apply because Iraq has been designated as a country that has supported terrorism.

Plaintiffs also argue that the Act and the Determination do not change the status of the assets seized from Iraq. Even if plaintiffs are correct that the Act and the Determination do not change the status of the Iraqi funds, the Act and the Determination make TRIA inapplicable with respect to Iraq and preclude plaintiffs from attaching the Iraqi funds whether or not the status of those funds has changed.

Plaintiffs argue that the Act and the Determination do not apply retroactively. Although this argument may be well taken, plaintiffs did not have the ability to pursue the attachment of Iraqi assets under TRIA until they obtained their judgment against Iraq on July 7, 2003, *after* the effective dates of the Act and the Determination. Therefore, retroactivity is not an issue in this case.

The Act is Congressional authorization for the President to make TRIA prospectively inapplicable to Iraq, and the President exercised that authority when he issued the Determination on May 7, 2003.

As a result, at the time the plaintiffs obtained their judgment against Iraq on July 7, 2003, TRIA was no longer an available mechanism for plaintiffs to use to satisfy their judgment.

## CONCLUSION

The Secretary's position that the POWs are unable to recover any portion of their judgment as requested, despite their sacrifice in the service of their country, seems extreme. Yet, he is correct that the Congress and the President have withdrawn TRIA as an available mechanism for the plaintiffs to use to satisfy their judgment. Prior to the date the plaintiffs in this case obtained their judgment against Iraq and their corresponding ability to attach assets under TRIA, Congress and the President made TRIA inapplicable to Iraq. As a result, defendant is entitled to summary judgment on plaintiffs' TRIA claim. Defendant's motion for summary judgment will be granted and plaintiffs' motion for summary judgment and request for a stay will be denied in an accompanying final order. "Though the penalty is great and [the] responsibility heavy, [the Court's] duty is clear." *Rosenberg v. United States,* 346 U.S. 273, 296, 73 S.Ct. 1173, 97 L.Ed. 1607 (1953).

## *FINAL JUDGMENT*

For the reasons stated in the accompanying Memorandum Opinion, it is hereby

ORDERED that the temporary restraining order signed July 18, 2003[5] be, and hereby is, VACATED. It is further

ORDERED that defendant John Snow's motion for summary judgment [7] be, and hereby is, GRANTED. It is further

ORDERED that plaintiffs' motion for preliminary injunction [3], and motion for

summary judgment and request for a stay [17] be, and hereby are, DENIED.

This is a final, appealable order.